USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED : 3/19/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LONG PLAYER LP

Plaintiff,

v.

GOLD MAIDEN LLC, UNITED TRISTAR LLC, JEREMY SOUSSAN, DAN VAHDAT, SOUVAH LLC, BLUEPRINT INDUSTRIES, LLC, and BLUE CITY MEDIA,

Defendants

CIVIL ACTION NO.
18 Civ. 2414 (LGS)

### PLAINTIFF'S EX PARTE MOTION TO TEMPORARILY SEAL ENTIRE FILE AND AFFIDAVIT IN SUPPORT THEREOF

1. Plaintiff LONG PLAYER LP, respectfully moves *ex parte,* pursuant to Fed. R. Civ. P. 65(b) and Local Rule 6.1(d), for an order to temporarily seal the entire file in this matter, including this Motion, the Complaint, Plaintiff's *ex parte* motion for a temporary restraining order ("TRO Motion"), and all other pleadings, exhibits, and other papers and materials filed in support thereof.

2. Plaintiff requests that the seal remain in effect until two business days after a hearing has been held on Plaintiff's Order to Show Cause.

3. No previous application for similar relief has been made.

4. The proposed temporary seal order is designed to maintain the status quo and prevent Defendants from having the opportunity to avoid service of the Complaint as well as

conceal and dissipate assets and destroy documents prior to the service of the temporary restraining order that Plaintiff seeks.

5. A business ripe with deception, as in this case, raises the strong possibility that Defendants will dissipate, transfer, or conceal assets during the very early pendency of the legal proceedings. *See FTC v. Epixtar Corp.,* No. 03-8511 (S.D.N.Y. Oct. 29, 2003); *FTC v. No. 9068-8425 Quebec, Inc.,* 2002 WL 31082950 at *1 (S.D.N.Y. 2002); *FTC v. Five Star Auto,* No. 99-1693 (S.D.N.Y. Mar. 8, 1999). A temporary seal would help preserve the *status quo*, and preserve money for any redress that might be awarded upon final disposition of this case.

6. In support of the ex parte motion, and in accordance with Local Rule 6.1(d), Plaintiff sets forth by affidavit the good and sufficient reasons why a procedure other than by notice of motion is necessary, see Affidavit of Chris Goyer at Exhibit 1.

WHEREFORE, Plaintiff requests that this Court enter the accompanying proposed Order, attached at Exhibit 2, to temporarily seal the entire file and docket in this matter.

Respectfully submitted

Date: Austin, Texas
March 16, 2018

Pete Reid Law, PLLC
Attorney for Plaintiff

_____
Peter James Reid,
Texas Bar #24074939
New York Bar# 4353686
3901 South Lamar, Suite 260
Austin, Texas 78704
Tel: 512 261 2500
Email: pete@petereidlaw.com

*Handwritten annotation (left side):* Application denied. There is a presumption of public access to judicial documents. This application does not provide sufficient justification to overcome that presumption. The motion rests on arguments regarding the possible consequences of disclosure before a TRO is issued; the affidavit asserts that "good cause" exists to seal the records. Such speculation and argument do not meet the high standard required to overcome the presumption.

*Handwritten annotation (right side):* See, Newsday LLC v. Cty of Nassau, 730 F.3d 156, 166 (2d Cir 2013)

SO ORDERED

_____
Gregory H. Woods, U.S.D.J.
Part I

Page 2 of 2 March 19, 2018

# EXHIBIT 1

AFFIDAVIT OF CHRIS GOYER, OWNER OF LONG PLAYER LP,
IN SUPPORT OF PLAINTIFF'S EX PARTE
MOTION TO TEMPORARILY SEAL ENTIRE FILE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONG PLAYER LP<br><br>Plaintiff,<br><br>v.<br><br>GOLD MAIDEN LLC, UNITED TRISTAR LLC, JEREMY SOUSSAN, DAN VAHDAT, SOUVAH LLC, BLUEPRINT INDUSTRIES, LLC, and BLUE CITY MEDIA,<br><br>Defendants | CIVIL ACTION NO.<br>_____ |

AFFIDAVIT OF CHRIS GOYER, OWNER OF LONG PLAYER LP,
IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION
TO TEMPORARILY SEAL FILE

STATE OF TEXAS)
COUNTY OF TRAVIS) ss.:

Christ Goyer, being duly sworn, deposes and says:

1. I am the sole owner of the Plaintiff entity LONG PLAYER LP, (hereinafter "Plaintiff"), and I make this Affidavit based on my personal knowledge of the matters set forth herein.

2. Specifically, I make this Affidavit in support of my ex parte motion to Temporarily Seal Entire File.

3. As alleged in the Complaint, and described more fully in the TRO Motion and supporting memorandum of law and exhibits, Plaintiff brings this action to halt Defendants' ability to further dissipate the bank accounts of Plaintiff's own company BLUEPRINT INDUSTRIES, LLC, (the "Company").

Page 1 of 2

4. The Defendants are also members of the Company, but it has recently transpired that Defendants have slowly transferred more than $4.89 million from the Company's bank account to entities that they either control or that they have a financial interest in.

5. There is good cause for Plaintiff to request an *ex parte* order to temporarily seal the entire file and docket in this case. If this case were to be filed and docketed as a matter of public record, it is my strong belief that Defendants would learn of the action before they are served with the proposed TRO that the Plaintiff seeks.

6. If Defendants become aware of this action before the financial institution where the Company banks can be served with the proposed TRO, there is a real danger that Defendants will transfer assets and destroy business records, frustrating in large part the purpose of the asset freeze and record retention provisions in the proposed TRO.

7. As set forth more fully in the Memorandum of Law of Pete Reid, the Declaration in support of Pete Reid, and my own Affidavit in support thereof, Defendants have already been able to move more than $4.89 million outside of the Company's reach, through the use of aliases and purposefully deceptive conduct.

8. It is very likely, that if Defendants learn of this lawsuit before the Company's accounts are frozen, Defendants will further drain my Company's accounts in an attempt to hinder my ability and that of the Company to recover its assets.

                                                                                    CHRIS GOYER
Owner, Long Player LP

Sworn to before me
this 1☉ day of March, 2018

_____
NOTARY PUBLIC

MERIDITH FISCHER
Notary Public, State of Texas
Comm. Expires 08-18-2021
Notary ID 131250821

# EXHIBIT 2

PROPOSED ORDER GRANTING PLAINTIFF'S EX PARTE
MOTION TO TEMPORARILY SEAL ENTIRE FILE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONG PLAYER LP<br><br>Plaintiff,<br><br>v.<br><br>GOLD MAIDEN LLC, UNITED TRISTAR LLC, JEREMY SOUSSAN, DAN VAHDAT, SOUVAH LLC, BLUEPRINT INDUSTRIES, LLC, and BLUE CITY MEDIA,<br><br>Defendants | CIVIL ACTION NO.<br><br>_____ |

**ORDER GRANTING
PLAINTIFF'S EX PARTE MOTION TO TEMPORARILY SEAL ENTIRE FILE**

Plaintiff, LONG PLAYER LP, has applied for an order to temporarily seal the entire docket and all pleadings, motions, and other papers, in the above-captioned case. Upon consideration of Plaintiffs *Ex parte* Motion to Temporarily Seal the Case File, and Affidavit in support thereof ("Seal Motion"), as well as Plaintiffs *Ex parte* Motion for Temporary Restraining Order ("TRO Motion") and related pleadings, motions, and exhibits, this Court finds that good cause exists to seal the docket and case file in this case, and hereby **GRANTS** Plaintiff's Seal Motion.

**IT IS THEREFORE ORDERED** that the docket in the above-captioned matter be sealed, and that Plaintiff's Complaint, TRO Motion, and all other papers in the above-captioned matter be filed under seal.

**IT IS FURTHER ORDERED** that, while the case file remains sealed, the Clerk shall make no notation of the aforementioned materials on the docket, the public record or PACER system, and the Clerk **shall not** send any notice of the aforementioned materials.

**IT IS FURTHER ORDERED** that, unless otherwise ordered or provided, the seal entered by this Order shall automatically dissolve two business days after the hearing on Plaintiff's Order to Show Cause.

This order shall not be construed to prohibit service by Plaintiff, or those acting at its direction, of any temporary restraining order entered in this case, and any papers filed in support thereof, to: (1) the parties, or (2) any non-party financial institutions or other third parties that may be holding any assets of Defendants.

**SO ORDERED**, this _____ day of _____, 2018

_____
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK

Part, I         PYS