UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LONG PLAYER LP<br><br>Plaintiff,<br><br>v.<br><br>GOLD MAIDEN LLC, UNITED TRISTAR LLC, JEREMY SOUSSAN, DAN VAHDAT, SOUVAH LLC, BLUEPRINT INDUSTRIES, LLC, and BLUE CITY MEDIA,<br><br>Defendants | CIVIL ACTION NO.<br><br>18-CV-2414 (LGS)<br><br>**FIRST AMENDED<br>VERIFIED COMPLAINT** |

Plaintiff LONG PLAYER LP, by and through its counsel, on personal knowledge as to its own actions and on information and belief as to the actions, capabilities and motivation of others, hereby alleges the following:

## INTRODUCTION

1. Plaintiff LONG PLAYER LP is a member of BLUEPRINT INDUSTRIES LLC, (the "Company"). The other members are Defendants GOLD MAIDEN LLC and UNITED TRISTAR LLC. The three entities have an equal ownership in the Company and make up all of the members of the Company.

2. The Company was formed in 2012 with a principal place of business in New York City and operates in the field of internet marketing and publishing.

3. The Company Agreement prohibits members of the Company from participating in certain financial or competing activities unless the consent of all of the members has been obtained.

4. Specifically, the members may not transact business with any entity in which the member has a financial interest, unless this is disclosed and consented to by all of the members.

5. Likewise, the Company Agreement forbids any transaction or series of transactions greater than $500,000 to any one entity, absent the consent of all of the members.

6. The owner of member entity GOLD MAIDEN LLC is Defendant JEREMY SOUSSAN. The owner of member entity UNITED TRISTAR LLC is Defendant DAN VAHDAT.

7. Recently, the owner of the Plaintiff entity noticed a pending payment from the Company bank account in the amount of $63,216.67 to 'SOUVAH LLC'.

8. 'SOU' and 'VAH' are the first three initials of the owners of the other member entities ('Soussan' and 'Vahdat').

9. Two days later, Plaintiff noticed that the name of the payee for the same transaction had changed to 'BLUE CITY MEDIA'. However, the amount of the transaction and the last four digits of the payee's bank account remained the same.

10. Upon review of the Company bank accounts, it was revealed that over the course of the last few years more than a hundred payments have been made to SOUVAH LLC / BLUE CITY MEDIA totaling more than $3.76 million.

11. Research into SOUVAH LLC has confirmed that Defendants Sousson and Vahdat are involved in the company.

12. Consent for these transactions was never sought, nor was it ever given by Plaintiff.

13. At best Defendants' actions amount to a clear breach of the Company Agreement and as such these transactions should be void or voidable. At worst, these actions amount to fraud, self-dealing, and grand larceny embezzlement in the first degree.

14. Initially, Plaintiff is seeking injunctive relief to enjoin Defendants from disposing of assets and business records of the Company, and an Order to freeze the accounts of the Company at Chase Bank.

15. Further, the Company Agreement provides that in the event of any controversy amount the Members, the dispute shall be submitted to confidential binding arbitration to be administered by JAMS through its New York office. As such, Plaintiff seeks an Order compelling the parties to submit this dispute to arbitration, while maintaining jurisdiction to enforce the injunctions.

## JURISDICTION AND VENUE

16. The case is properly venued in the Southern District of New York as the Company Agreement provides the principal place of business of the Company shall be initially located at 2 Gold Street, Unit 5K, New York, New York 10038.

17. This Court has jurisdiction over the claims pursuant to 28 U.S.C. §1332(a)(1) because complete diversity of citizenship exists among the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

18. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) as the Company Agreement provides the principal place of business of the Company shall be initially located at 2 Gold Street, Unit 5K, New York, New York 10038.

19. Venue is also proper in the Southern District because the written arbitration agreement provides for binding arbitration in New York, New York.

## PARTIES

20.     Plaintiff LONG PLAYER LP, is a Texas limited partnership with registered agent Fountainhead Ventures, LP, 3006 Bee Caves Road, Suite A-240 Austin, TX 78746, that may be reached via the email address of its owner Chris Goyer at chris@blueprintindustries.com .

21.     Chris Goyer is the sole limited partner of Long Player LP.

22.     Chris Goyer is the sole general partner of Long Player LP.

23.     Chris Goyer is a permanent resident and citizen of the State of Texas.

24.     GOLD MAIDEN LLC, is a Delaware limited liability company with registered agent The Company Corporation, 251 Little Falls Drive, Wilmington, DE, 19808, that may be reached via the email address of its owner Jeremy Soussan at jeremy@blueprintindustries.com .

25.     UNITED TRISTAR LLC, is a California limited liability company with a registered address of 4333 Empress, Encino CA, 91436, that may be reached via the email address of its owner Dan Vahdat at dan@blueprintindustries.com .

26.     JEREMY SOUSSAN, is an individual with last known address of 922 Hutchinson Court, Brooklyn, NY, 11223 with email address of jeremy@blueprintindustries.com .

27.     DAN VAHDAT, is an individual with last known address of 4333 Empress, Encino CA, 91436, with email address of dan@blueprintindustries.com .

28.     SOUVAH LLC, is a Delaware limited liability company with registered agent Diversified Corporate Services Int'l, Inc, 508 Main Street, Wilmington, Delaware, 19804, that may be reached via the email address of contact@souvah.com .

29.     BLUEPRINT INDUSTRIES, LLC, is a Delaware limited liability company with a registered agent Diversified Corporate Services Int'l, Inc, 508 Main Street, Wilmington, Delaware,

19804, that may be reached via the email addresses of its owners at Chris Goyer at chris@blueprintindustries.com , Jeremy Soussan at jeremy@blueprintindustries.com , and Dan Vahdat at dan@blueprintindustries.com .

30. BLUE CITY MEDIA is an unknown entity with financial affiliations to SOUVAH LLC, and as such may be reached via Diversified Corporate Services Int'l, Inc, 508 Main Street, Wilmington, Delaware, 19804, and via the email address of contact@souvah.com .

## BACKGROUND FACTS

31. The Company was formed in New York City in February 2012 pursuant to an Amended and Restated Limited Liability Company Agreement, effective November 1, 2011, (the "Company Agreement"). A copy of the Company Agreement is attached to the Affidavit in Support of the TRO of Chris Goyer at Exhibit 1.

32. The Company operates in the field of internet marketing and publishing and is profitable. The founding members have all been repaid their capital investments and the three remaining members receive a monthly disbursement of approximately $5,000 each.

33. The Company Agreement provides that Defendant Soussan is the Managing Member of the Company and that Soussan has the full right, power and authority to manage all of the business, assets, affairs and operations of the Company, (see Company Agreement at Section 6.1(a)).

34. However, the Company Agreement provides that certain actions require the consent of all of the members. Specifically, the consent of all members is required to enter into any transaction equal to or greater than $500,000 in any single transactions or series of related transactions, (see Company Agreement at Section 6.1(c)(a)(1)).

35. The Company Agreement also prohibits any of the members of the Company from transacting any business with any other entity in which the member has a financial, economic or contractual interest, unless that relationship is disclosed to the other members and the Company obtains the consent of all of the members to such transaction, (see Company Agreement at Section 6.6(b) and (c)).

36. The Company Agreement further prohibits any of the members of the Company from soliciting any business from the Company and with a view to entering into a business relationship with any other person for the same or similar services. That non-solicitation period includes the period where the members are still members of the Company, and for a period of 5 years thereafter, (see Company Agreement at Section 10.5).

37. Regarding injunctive relief, the Company Agreement states that in the event of any actual or prospective breach or default by any party, the other parties shall be entitled to equitable relief, including, without limitation, remedies in the nature of injunction and specific performance (without being required to post a bond or other security or to establish any actual damages). In this regard, the Company Agreement also states that the parties acknowledge that they will be irreparably damaged in the event this Agreement is not specifically enforced, (see Company Agreement at Section 10.12).

38. Of further note, the Company Agreement provides for any disputes to be resolved through binding arbitration. Specifically, the Agreement requires that the arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures through its New York, New York office and shall be conducted by a single arbitrator in New York County, New York. The Company Agreement states that the arbitrator's ruling in the arbitration shall be final and binding and not subject to appeal or challenge, and that Judgment on any award may be

entered in any court having jurisdiction. The parties agreed that the arbitration proceedings, testimony, discovery and documents filed in the course of such proceedings, including the fact that the arbitration is being conducted, will be treated as confidential and will not be disclosed to any third party to such proceedings, except the arbitrator(s) and their staff, the parties' attorneys and their staff, and any experts retained by the parties, (see Company Agreement at Section 10.11).

## DEFENDANTS' FRAUDULENT ACTIVITIES

39. On or about February 21, 2018, Mr. Goyer, the owner of the Plaintiff entity, noticed a pending ACH payment[1] from the Company bank account in the amount of $63,216.67 to 'SOUVAH LLC'.

40. As set forth above, 'SOU' and 'VAH' are the first three initials of the owners of the other member entities (Defendants 'Soussan' and 'Vahdat').

41. Two days later, Mr. Goyer noticed that the name of the payee for the same ACH transaction had changed to 'BLUE CITY MEDIA'. However, the amount of the transaction and the last four digits of the payee's bank account remained the same.

42. Upon closer inspection of the Company bank accounts, it was revealed to Mr. Goyer that over the course of the last few years dozens of payments have been made to SOUVAH LLC / BLUE CITY MEDIA totaling more than $3.76 million.

43. In 2014, there were 11 transactions to SOUVAH LLC / BLUE CITY MEDIA in the total amount of $173,591.15.

---

[1] ACH payments are electronic payments that are created when the customer gives an originating institution, corporation, or other customer (originator) authorization to debit directly from the customer's checking or saving account for the purpose of bill payment. In other words, these payments are being created and authorized by someone with access to the Company accounts.

44. In 2015, there were 18 transactions to SOUVAH LLC / BLUE CITY MEDIA in the total amount of $311,081.81.

45. In 2016, there were 34 transactions to SOUVAH LLC / BLUE CITY MEDIA in the total amount of $1,036,122.41.

46. In 2017, there were 38 transactions to SOUVAH LLC / BLUE CITY MEDIA in the total amount of $1,803,984.81.

47. Already in 2018, there have been at least 7 transactions to SOUVAH LLC / BLUE CITY MEDIA in the amount of $418,485.17.

48. Further research has confirmed that Defendants Sousson and Vahdat are indeed involved with SOUVAH LLC / BLUE CITY MEDIA.

## INJUNCTIVE RELIEF SOUGHT

49. Contemporaneously with the filing of this Complaint, and pursuant to Federal Rule of Civil Procedure 65, Plaintiff Long Player LP is applying, on an ex parte basis, for entry of a temporary restraining order ("TRO") to prevent the assets of the Company from being further transferred, concealed, or dissipated pending further direction from the Court. Those requests are incorporated herein.

50. Specifically, Plaintiff seeks (i) an Order to enjoin Defendants from disposing of assets and business records of the Company, and (ii) an Order to freeze the accounts of the Company at Chase Bank. Upon expiration of the TRO, Plaintiff will seek a preliminary injunction continuing the Orders against Defendants.

## CLAIMS AGAINST DEFENDANTS

51. Plaintiff has direct claims against Defendants GOLD MAIDEN LLC, UNITED TRISTAR LLC, JEREMY SOUSSAN, DAN VAHDAT, SOUVAH LLC, and BLUE CITY MEDIA sounding in breach of contract, breach of fiduciary duty, common law fraud, self-dealing, negligent misrepresentation, unjust enrichment, constructive trust, and conversion, among others.

## SUBMISSION TO BINDING CONFIDENTIAL ARBITRATION

52. The Company Agreement states the following:

    Section 10.11

    …In the event of any controversy among the Members and/or Manager arising out of, or relating to, this Agreement which cannot be settled amicably by the parties, and which is not otherwise resolvable by another mechanism provided in this Agreement, such controversy shall be submitted to binding arbitration. Either the Company or any Member or Manager may institute such arbitration proceeding by giving written notice to the other parties. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures through its New York, New York office and shall be conducted by a single arbitrator in New York County, New York (unless another location is agreed to by the parties). The arbitrator's ruling in the arbitration shall be final and binding and not subject to appeal or challenge. Judgment on any award may be entered in any court having jurisdiction. The parties further agree that the arbitration proceedings, testimony, discovery and documents filed in the course of such proceedings, including the fact that the arbitration is being conducted, will be treated as confidential and will not be disclosed to any third party to such proceedings, except the arbitrator(s) and their staff, the parties' attorneys and their staff, and any experts retained by the parties.

53. Section 2 of the Federal Arbitration Act, 9 U.S.C. $ 2 (the "FAA"), states that a contract provision "evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract."

*Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24-25 (1991); see *Circuit City Stores, Inc. v, Adams*, 532 U.S. 105, 109 (2001).

54. The Supreme Court has long instructed that arbitration is strongly favored as a matter of policy and that any ambiguities in the scope of an arbitration clause should be resolved in favor of arbitration. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1,24-25 (1983).

55. Thus, a court must compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. *AT&T Techs., Inc. v. Commc'ns Workers of Amer*, 475 U.S. 643, 650 (1986).

56. As such Plaintiff requests that absent a showing by Defendants that the agreement to arbitrate in the Company Agreement is inapplicable or invalid, the controversy shall be submitted to binding arbitration administered by JAMS in New York County, New York, in accordance with the terms of the Company Agreement.

57. Further, Plaintiff requests that the injunctive relief sought shall continue pending a determination of the Arbitrator, and that this Court therefore retain jurisdiction of this matter for the purposes of resolving any issues related to any injunctive relief requested, and to enter judgment on any arbitration award.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court:

A. Order such equitable relief as is necessary to prevent the assets of the Company from being transferred, concealed, or dissipated pending further direction from the Court,

including an Order to enjoin Defendants from disposing of assets and business records of the Company, and an Order to freeze the accounts of the Company at Chase Bank.

B. Order that this dispute should be submitted to confidential binding arbitration to be administered by JAMS through its New York office.

C. Order such equitable relief as is necessary to prevent the assets of the Company from being further transferred, concealed, or dissipated during the Arbitration process, including an Order to enjoin Defendants from disposing of assets and business records of the Company, and an Order to freeze the accounts of the Company at Chase Bank.

D. Order that this Court retain jurisdiction of this matter for the purposes of resolving issues related to any injunctive relief requested, and to enter judgment on any arbitration award.

E. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

Respectfully submitted

Date:   Austin, Texas
        March 27, 2018

Pete Reid Law, PLLC
Attorney for Plaintiff

_____
Peter James Reid,
Texas Bar #24074939
New York Bar# 4353686
3901 South Lamar, Suite 260
Austin, Texas 78704
Tel: 512 261 2500
Email: pete@petereidlaw.com

## VERIFICATION

STATE OF TEXAS)
COUNTY OF TRAVIS) ss.:

**CHRIS GOYER,** being duly sworn, deposes and says: I am the owner and principal of LONG PLAYER LP, and I have read the foregoing annexed FIRST AMENDED VERIFIED COMPLAINT, and I know its contents, and the same are true to my own knowledge, except as to the matters therein stated upon information and belief, and as to these matters, I believe them to be true. The basis of my knowledge is personal knowledge of the events described therein and my knowledge and review of the books and records of LONG PLAYER LP and BLUEPRINT INDUSTRIES, LLC.

As set forth above, Plaintiff LONG PLAYER LP, is a Texas limited partnership with registered agent Fountainhead Ventures, LP, 3006 Bee Caves Road, Suite A-240 Austin, TX 78746, that may be reached via my email address. I am the sole limited partner of Long Player LP. I am the sole general partner of Long Player LP. I am a permanent resident and citizen of the State of Texas.

_____
**CHRIS GOYER**
**LONG PLAYER LP**

**Sworn to before me this**

_27_ **day of March, 2018**

MERIDITH FISCHER
Notary Public, State of Texas
Comm. Expires 08-18-2021
Notary ID 131250821

_____
**NOTARY PUBLIC**